UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA

SANTA BARBARA DIVISION

In re: NATALIA BROOKS, Debtor.

**FILED**

JUN 1 1 2026

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

Case No. 9:26-bk-10132-RC

NATALIA BROOKS, Plaintiff,

NICHOLAS BROOKS and STEVE BROOKS, Defendants.

Adv. Proc. No. 9:26-ap-01022-RC

**FIRST AMENDED COMPLAINT FOR OBJECTION TO CLAIMS, AVOIDANCE OF FRAUDULENT TRANSFERS, TURNOVER OF ESTATE PROPERTY, RECOVERY OF EXEMPT ASSETS, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF**

**JURY TRIAL DEMANDED AS TO STATE LAW CLAIMS**

Plaintiff Natalia Brooks ("Plaintiff" or "Debtor"), acting pro se, files this First Amended Complaint pursuant to Federal Rule of Bankruptcy Procedure 7015 and Federal Rule of Civil Procedure 15(a)(1), which supersedes the original complaint filed in this matter. Plaintiff complains and alleges against Defendants Nick Brooks and Steve Brooks as follows:

## 1. NATURE OF THE ACTION

1. This adversary proceeding arises from a calculated scheme of financial abuse, fraud, and breach of fiduciary duty perpetrated by Defendant Nick Brooks, Plaintiff's estranged spouse and fiduciary caregiver, and his father, Defendant Steve Brooks. They conspired to strip Plaintiff—a severely disabled, medically vulnerable, and dependent adult—of her sole significant asset, her home located at 6840 W. Santa Barbara Ave, Ventura, CA 93001 (the "Property"), by fabricating fraudulent liens, forging an "Option to Buy Agreement," and creating sham promissory notes while Plaintiff was wrongfully incarcerated and hospitalized as a direct result of Nick Brooks's abuse. The scheme was designed to transfer all equity in the Property to

Steve Brooks so that Nick Brooks could divorce Plaintiff with no marital assets, leaving her and her minor child destitute. This complaint seeks to avoid those fraudulent transfers, disallow their bad-faith claims, recover property of the estate, declare the forged documents void, and obtain injunctive relief to prevent Defendants from further dissipating estate assets.

## 2. JURISDICTION, VENUE, AND STANDING

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

3. This is a core proceeding under 28 U.S.C. § 157(b)(2), including, but not limited to, subparagraphs (B) (allowance or disallowance of claims against the estate), (H) (proceedings to determine, avoid, or recover fraudulent conveyances), (I) (determinations as to the dischargeability of particular debts), and (O) (other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor relationship).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1409, as the underlying bankruptcy case is pending in this district.

5. This Court has supplemental jurisdiction over the state-law claims asserted herein pursuant to 28 U.S.C. § 1367, as they arise from the same nucleus of operative facts as the federal claims and form part of the same case or controversy.

6. The Debtor has standing to bring this action pursuant to 11 U.S.C. § 522(h) to avoid the involuntary transfers of her property, which she did not conceal and which impair exemptions to which she would have been entitled under 11 U.S.C. § 522(g)(1).

## 3. PARTIES

7. Plaintiff NATALIA BROOKS is the Debtor in possession in the main bankruptcy case. She is an individual residing at 6840 W. Santa Barbara Ave, Ventura, California 93001, with her minor child. On May 8, 2026, Defendant Nick Brooks abandoned

Plaintiff and their minor child, cleaning out all joint bank accounts, leaving Plaintiff with only $0.25, utility shutoff notices, and no means of support, despite her status as a 100% disabled person without a vehicle or access to food.

8. Defendant NICK BROOKS is Plaintiff's estranged spouse and former In-Home Supportive Services (IHSS) caretaker and medical decision-maker. Upon information and belief, he previously resided at 6840 W. Santa Barbara Ave, Ventura, CA 93001. On January 14, 2026, Nick Brooks retained a bankruptcy attorney, two days prior to a civil judgment issued on January 16, 2026, from the Ventura County Superior Court for over $175,000.00 in "Conversion" and an additional $189,000.00 in attorney fees on Fiona Fiorini's behalf. Nick Brooks issued a $400.00 retainer on his Mastercard bank card. He filed a proof of claim in the bankruptcy case on January 30, 2026.

9. Defendant STEVE BROOKS is, upon information and belief, Nick Brooks's father, residing at 8462 Whirlaway Ct, Rancho Cucamonga, CA 91701. He filed a Proof of Claim for $166,000.00 which was drafted on January 26, 2026, via DocuSign, and on that same day Steve Brooks paid over $900.00 toward the bankruptcy filing with his American Express card. The bankruptcy petition was then filed three days later on January 30, 2026. Nick Brooks transferred property to Steve Brooks, who now holds a purported lien on Plaintiff's property based on the forged documents and sham notes described herein. Exhibits provided in the Ex Parte Motion filed on May 29, 2026, show a handwritten practice draft on January 25, 2026, by Nick Brooks practicing Natalia's signature, and a formalized DocuSign draft on January 26, 2026, showing Natalia Brooks's name repeated where Nick signed. This was a complete forgery. There were also two 2024 notes to Steve Brooks which were used for Steve Brooks's own defense in the civil trial. The money was co-mingled, and Steve Brooks stated in an email to the attorney that represented both Nick Brooks and Steve Brooks: "I will

give you $25k for a $50k note against the house." Natalia Brooks was never included in these conversations, nor did she have any legal representation. Nick Brooks and Steve Brooks shared the same civil attorney, and the same attorney drafted the balloon notes in 2024 due in four months, with no payments required. The notes were never called until January 2026, after Nick Brooks lost the civil case for 100% conversion. Emails show Steve Brooks was waiting to see "if Fiona won" as a contingency plan.

10. Nancy Zamora is the duly appointed Chapter 7 Trustee in the main bankruptcy case. She is NOT a defendant in this adversary proceeding. Plaintiff is not seeking any monetary relief, turnover, or personal liability against the Trustee. Plaintiff has notified the Trustee of the fraudulent cloud on title and will file a separate Motion to Stay Sale in the main bankruptcy case, Case No. 9:26-bk-10132-RC.

## 4. BACKGROUND AND FACTUAL ALLEGATIONS

### a. Plaintiff's Disability and Prior Care Relationship

11. Plaintiff Natalia Brooks suffers from severe bipolar disorder with psychotic manic episodes, depression, anxiety, and debilitating orthopedic issues, rendering her a vulnerable and dependent adult with cognitive impairments.

12. In 2017, due to the severity of her condition, the director of the state mental hospital in Reno directed that Plaintiff must live with or immediately next to her mother, Fiona Fiorini, or another family member for her care and safety.

13. Ms. Fiorini held a valid power of attorney for Plaintiff and acted as her protector and advocate. Under Ms. Fiorini's dedicated care, Plaintiff was stable and had been hospitalized only twice in her life: once for her first manic episode in 2007, and again in 2017 after leaving another marriage.

14. Plaintiff is the mother of a minor child who resides with her at the Property.

### b. The Marriage and Acquisition of the Property

15. Plaintiff met Nick Brooks in late September 2018. He moved into her residence, and they married in May 2019. Shortly thereafter, the rental property where Plaintiff resided at 6840 W. Santa Barbara Ave, Ventura, CA, went up for sale.

16. To secure stable housing for Plaintiff and her minor child, Ms. Fiorini made a substantial investment. Ms. Fiorini paid over $15,000 to satisfy Nick Brooks's pre-existing credit card debt and an additional sum of approximately $175,000 toward the down payment, renovations, mortgage payments, property taxes, insurance, utilities, and maintenance for the entire Property.

17. Defendant Nick Brooks was rarely employed and contributed little to no funds toward the acquisition or upkeep of the Property. The Property is located at 6840 W. Santa Barbara Ave, Ventura, CA 93001, in Ventura County.

**c. Nick Brooks Assumes Fiduciary Control and Plaintiff's Decline**

18. In or around 2021, Nick Brooks became Plaintiff's In-Home Supportive Services (IHSS) worker and medical decision-maker, thereby assuming a position of trust and confidence and placing him in a fiduciary relationship with Plaintiff.

19. Once Nick Brooks assumed control of Plaintiff's care, her health deteriorated catastrophically. He failed to render aid to Plaintiff on over 57 documented occasions, and Plaintiff was subsequently hospitalized over 40 times.

20. Nick Brooks was in complete control of all financial, medical, and legal decisions affecting Plaintiff. At no time during the transactions or decisions at issue herein did Plaintiff have independent legal representation.

21. As her spouse, IHSS caretaker, and medical decision-maker, Nick Brooks owed Plaintiff the highest fiduciary duties of loyalty, care, and good faith.

**d. The 2024 Sham Notes and Collusion**

22. In 2024, as part of the scheme, Nick Brooks and Steve Brooks, with the assistance of an attorney who represented both of them, created two purported "balloon notes" due in four months with no payments required.

23. These notes were not legitimate loans. They were sham documents created to manufacture a fraudulent secured interest in the Property for the benefit of Steve Brooks.

24. In an email to their shared attorney, Defendant Steve Brooks revealed the fraudulent nature of the transaction, stating, "I will give you $25k for a $50k note against the house." Plaintiff was never included in these communications.

25. The notes were never called until January 2026. Emails between Defendants reveal their plan was a "contingency plan" to be executed depending on the outcome of a civil lawsuit filed by Ms. Fiorini against Nick Brooks. At all relevant times, Nick Brooks and Steve Brooks shared the same civil attorney, while Plaintiff had no legal representation.

**e. The Conspiracy to Defraud: The Events of July 2025**

26. July 23-25, 2025: Nick Brooks began to execute his plan. He refused to render aid to Plaintiff, who was experiencing a severe manic episode. Text messages show Nick telling Plaintiff's IHSS worker not to come and threatening her with a restraining order to isolate Plaintiff from her required care.

27. July 24, 2025: Plaintiff texted her mother, "Nick is being controlling. He won't let me go to the hospital." Her mother, Fiona Fiorini, a Marriage and Family Therapist and mandated reporter, contacted Child Protective Services (CPS) to report concerns for the safety of the minor child due to Nick's escalating and unstable behavior.

28. July 25, 2025: While Plaintiff was in "full blown psychosis," Nick Brooks waited until 7:00 PM to drive her to Cottage Hospital, only to bring her home against medical advice, depriving her of necessary treatment.

29. July 25, 2025 (The Fraudulent Document is Created): On this same day, while Plaintiff was incapacitated and in a state of psychosis, Nick Brooks and Steve Brooks caused to be created an "Option to Buy Agreement" (the "Forged Option"). This document, dated July 25, 2025, purported to grant Steve Brooks the right to purchase Plaintiff's home for $1.00.

30. July 26, 2025 (3:18 AM): Plaintiff fled her home in terror, texting her mother, "Please help. I'm at your doorstep. I ran away."

31. July 26, 2025 (3:21 AM): Nick Brooks pursued Plaintiff to her mother's home, chasing and filming her while yelling at her. To prevent her from calling for help, he confiscated her phone. Plaintiff texted her mother, "I can't call 911 he has my phone." During this time, Plaintiff stated her fear of Nick's plan: "You will attack me and say I did it to you."

32. July 26, 2025 (The False Arrest): Nick Brooks made false assault claims to the police that Plaintiff had assaulted him. Based solely on these false claims, Plaintiff was arrested. A subsequent CPS report noted that police found Nick's behavior "weird" for his lack of concern and documented that he filmed Plaintiff instead of helping her and withheld her phone.

33. July 26 – July 29, 2025 (Plaintiff is Incarcerated and Incapacitated): From the time of her false arrest on July 26, Plaintiff was held in continuous state custody at the Ventura County Jail (Booking No. 2220649). She was legally and medically incapable of understanding or executing any legal document.

34. July 28-29, 2025 (The Forgery is Executed): While Plaintiff was incarcerated, Nick Brooks and Steve Brooks signed the Forged Option on July 28, 2025. The document was then falsified to show Plaintiff's signature, dated July 29, 2025—a day she spent entirely in state custody.

35. July 29, 2025 (6:16 PM): Ventura County Jail records confirm Plaintiff was released from custody at 18:16 hours. She was immediately transferred from jail to Cottage Hospital due to her fragile state, where she remained a patient. She was never free, nor was she in a cognitive state to sign anything. The signature on the Forged Option is a forgery.

**f. The Bankruptcy Scheme**

36. On January 14, 2026, just two days before a civil judgment was issued against him, Nick Brooks retained a bankruptcy attorney.

37. On January 16, 2026, the Ventura County Superior Court entered a judgment against Nick Brooks for over $175,000 in "Conversion" and $189,000 in attorney fees in the case brought by Fiona Fiorini.

38. On January 25, 2026, Nick Brooks prepared a handwritten practice draft signing Natalia's name.

39. On January 26, 2026, Defendant Steve Brooks filed a Proof of Claim for $166,000.00 based on the 2024 sham notes and the Forged Option. On that same day, Steve Brooks paid over $900.00 toward the bankruptcy filing fee with his American Express card.

40. On January 30, 2026, the bankruptcy petition was filed. The timing of these events demonstrates a clear intent to use the bankruptcy system to legitimize their fraud and shield assets from the civil judgment.

41. The entire scheme was designed for one purpose: to fraudulently transfer the equity in the Property to Nick's father, Steve Brooks, so that Nick could divorce Plaintiff with no marital assets, leaving her and her minor child destitute.

42. On May 8, 2026, Nick Brooks abandoned Plaintiff and their minor child, cleaned out all joint bank accounts, and left Plaintiff with only $0.25, utility shutoff notices, and no means of support, despite her status as a 100% disabled person without a vehicle or access to food.

**g. The Property, Exemptions, and Equity**

43. The Property is Plaintiff's principal residence and homestead. On her bankruptcy schedules, Plaintiff claimed the Property as exempt under California Code of Civil Procedure § 704.730.

44. The Property has an estimated value of approximately $799,000. With purported non-consensual liens totaling approximately $166,000, there remains substantial equity to which Plaintiff's homestead exemption attaches, but only if the fraudulent liens are avoided.

**h. Mental Abuse and Undue Influence**

45. Throughout this period, Defendants subjected Plaintiff to severe mental and emotional abuse, including isolating her from family and friends, making threats, and exercising undue influence to prevent her from discovering and reporting their financial misconduct. This coercive environment facilitated their fraudulent activities.

**i. The Fraudulent Claims**

46. On or about January 30, 2026, Defendant Nick Brooks filed a proof of claim in the bankruptcy case, falsely alleging he is owed funds.

47. On January 26, 2026, Defendant Steve Brooks filed a proof of claim for $166,000.00, falsely alleging a secured claim based on the Forged Option and sham notes. These

9

claims are fraudulent, unenforceable, and filed in bad faith to further harass Plaintiff and extract funds from the bankruptcy estate.

**j. Irreparable Harm**

48. A sale of the Property before Plaintiff's rights are adjudicated will cause immediate and irreparable harm. Plaintiff and her minor child will be permanently deprived of their homestead, her exemptions will be impaired, and the value of the estate will be improperly distributed based on fraudulent claims and a void title. Monetary damages are an inadequate remedy for the loss of a home.

**FIRST CLAIM FOR RELIEF (Objection to Claims - 11 U.S.C. § 502) (Against Defendants NICHOLAS Brooks and Steve Brooks)**

49. Plaintiff realleges and incorporates by reference the preceding paragraphs.

50. The proofs of claim filed by Nick Brooks and Steve Brooks must be disallowed pursuant to 11 U.S.C. § 502(b)(1) because they are unenforceable against the Debtor under applicable law, as they arise from a conspiracy of fraud, forgery, financial abuse of a dependent adult, and breach of fiduciary duty.

51. The claims were obtained by false pretenses, false representations, and actual fraud.

52. The claims are subject to equitable subordination under 11 U.S.C. § 510(c) due to Defendants' gross and egregious inequitable conduct.

53. The claims must be disallowed pursuant to 11 U.S.C. § 502(d) because Defendants are recipients of avoidable transfers and are in possession of property of the estate that they have failed and refused to turn over.

**SECOND CLAIM FOR RELIEF (Avoidance of Fraudulent Transfers - 11 U.S.C. §§ 548, 550) (Against Defendants Nick Brooks and Steve Brooks)**

54. Plaintiff realleges and incorporates by reference the preceding paragraphs.

10

55. The creation of the Forged Option dated July 25, 2025, constitutes a fraudulent transfer under 11 U.S.C. § 548(a)(1)(A), as it was made with actual intent to hinder, delay, or defraud the Debtor and her creditors, particularly Fiona Fiorini.

56. Alternatively, the transfer is avoidable under 11 U.S.C. § 548(a)(1)(B) because the Debtor received less than a reasonably equivalent value ($1.00) in exchange for the transfer of an option on her home, and was insolvent on the date of the transfer or was rendered insolvent as a result.

57. The creation of the 2024 sham notes also constitutes fraudulent obligations incurred with actual intent to hinder, delay, or defraud creditors.

58. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover the transferred property interests or their value from Defendants Nick Brooks and Steve Brooks for the benefit of the estate.

**THIRD CLAIM FOR RELIEF (Avoidance of Post-Petition Transfers - 11 U.S.C. § 549)**

**(Against Defendants Nick Brooks and Steve Brooks)**

59. Plaintiff realleges and incorporates by reference the preceding paragraphs.

60. To the extent any transfers of property of the estate occurred after the filing of the bankruptcy petition on January 30, 2026, such transfers were not authorized by the Bankruptcy Code or this Court and are avoidable under 11 U.S.C. § 549.

**FOURTH CLAIM FOR RELIEF (Turnover of Property of the Estate - 11 U.S.C. § 542)**

**(Against Defendants Nick Brooks and Steve Brooks)**

61. Plaintiff realleges and incorporates by reference the preceding paragraphs.

62. Defendants Nick Brooks and Steve Brooks are in possession, custody, or control of property of the estate, including voidable title interests in the Property, funds held in bank accounts, personal property, vehicles, and financial records.

63. This property is property that the Debtor may use, sell, or lease, or that the Debtor may exempt under § 522.

64. Defendants have a duty to turn over this property and account for it, and they have failed and refused to do so.

**FIFTH CLAIM FOR RELIEF (Avoidance of Liens on Exempt Property - 11 U.S.C. §§ 522(f), (h)) (Against Defendant Steve Brooks)**

65. Plaintiff realleges and incorporates by reference the preceding paragraphs.

66. The purported lien held by Steve Brooks, arising from the 2024 sham notes and Forged Option, impairs Plaintiff's homestead exemption in the Property.

67. Plaintiff is entitled to avoid this lien pursuant to 11 U.S.C. § 522(f) and (h) to the extent that it impairs her exemptions. Plaintiff has standing to bring this claim under 11 U.S.C. § 522(h), which permits a debtor to avoid a transfer of property of the estate that is not covered under subsection (g)(1) and that impairs an exemption.

**SIXTH CLAIM FOR RELIEF (Declaratory Judgment - 28 U.S.C. § 2201; 11 U.S.C. § 105(a)) (Against Defendants Nick Brooks and Steve Brooks)**

68. Plaintiff realleges and incorporates by reference the preceding paragraphs.

69. An actual controversy exists between Plaintiff and Defendants regarding the validity of the Forged Option and the 2024 sham notes.

70. Plaintiff contends the Forged Option is void ab initio under California law because her signature was forged while she was incarcerated and legally incapacitated.

71. Plaintiff requests a declaratory judgment from this Court that: (a) the Forged Option is null, void, and of no legal effect; (b) the 2024 notes are void and unenforceable sham instruments; (c) Steve Brooks holds no valid lien or interest in the Property; and (d) the Property is property of the bankruptcy estate, subject only to valid liens and Plaintiff's claimed exemptions.

12

**SEVENTH CLAIM FOR RELIEF (Injunctive Relief – 11 U.S.C. § 105(a)) (Against Defendants Nick Brooks and Steve Brooks)**

72. Plaintiff realleges and incorporates by reference the preceding paragraphs.

73. Plaintiff and her minor child will suffer immediate and irreparable harm if Defendants are not enjoined from enforcing their fraudulent claims and liens against the Property.

74. Plaintiff has a strong likelihood of success on the merits. The balance of equities tips sharply in Plaintiff's favor. The public interest is served by preventing the enforcement of liens based on egregious fraud and abuse of a dependent adult.

75. Plaintiff is entitled to a temporary restraining order, preliminary injunction, and permanent injunction enjoining Defendants Nick Brooks and Steve Brooks from: (a) transferring, encumbering, or dissipating any property of the estate or assets traceable thereto; (b) recording any documents affecting title to the Property; and (c) taking any action to enforce their fraudulent claims or liens.

76. Plaintiff is filing a separate Motion to Stay Sale in the main bankruptcy case, Case No. 9:26-bk-10132-RC, and requests that this Court enter a protective order so that no sale of the Property may proceed based on void title or fraudulent liens pending final judgment in this adversary proceeding.

**EIGHTH CLAIM FOR RELIEF (Breach of Fiduciary Duty – State Law) (Against Defendant Nick Brooks)**

77. Plaintiff realleges and incorporates by reference all preceding paragraphs.

78. As Plaintiff's spouse, IHSS caretaker, and medical decision-maker, Nick Brooks owed Plaintiff the highest fiduciary duties of loyalty, care, and good faith.

79. Nick Brooks breached these duties by, among other things; orchestrating a scheme to steal her assets, forging her signature, isolating her from care, causing her false arrest and hospitalization, and misappropriating funds, all for his own financial gain.

13

80. As a direct result of this breach, Plaintiff has suffered significant financial and emotional damages. Plaintiff is entitled to compensatory and punitive damages.

**NINTH CLAIM FOR RELIEF (Financial Abuse of a Dependent Adult - Cal. Welf. & Inst. Code §§ 15610.30, 15657.5) (Against Defendants Nick Brooks and Steve Brooks)**

81. Plaintiff realleges and incorporates by reference all preceding paragraphs.

82. At all relevant times, Plaintiff was a "dependent adult" within the meaning of California Welfare & Institutions Code § 15610.23, due to her severe bipolar disorder and orthopedic limitations.

83. Defendants Nick Brooks and Steve Brooks engaged in financial abuse by taking, secreting, and retaining Plaintiff's real and personal property for a wrongful use and with intent to defraud, by means of forgery, undue influence, and coercion.

84. Defendants knew or should have known that Plaintiff was a dependent adult and was unable to protect her own interests.

85. Pursuant to California Welfare & Institutions Code § 15657.5, Plaintiff is entitled to recover compensatory damages, reasonable attorney's fees, costs, and punitive damages.

**TENTH CLAIM FOR RELIEF (Constructive Trust and Equitable Accounting - State Law) (Against Defendants Nick Brooks and Steve Brooks)**

86. Plaintiff realleges and incorporates by reference all preceding paragraphs.

87. Plaintiff's mother, Fiona Fiorini, provided over $175,000 for the acquisition, improvement, and maintenance of the Property for Plaintiff's benefit. Nick Brooks contributed little to nothing.

88. Defendants have wrongfully acquired a purported interest in the Property through fraud, forgery, and breach of fiduciary duty. It would be inequitable and constitute unjust enrichment for them to retain any interest.

89. Plaintiff is entitled to the imposition of a constructive trust over any interest Defendants claim in the Property and an equitable accounting of all funds they misappropriated.

## ELEVENTH CLAIM FOR RELIEF (Fraud, Deceit, and Conversion - State Law)

## (Against Defendants Nick Brooks and Steve Brooks)

90. Plaintiff realleges and incorporates by reference all preceding paragraphs.

91. Defendants intentionally misrepresented material facts, forged Plaintiff's signature, concealed the existence and recording of the Forged Option, and wrongfully exercised dominion and control over Plaintiff's assets, converting them for their own use.

92. Defendants' conduct constitutes actual fraud, deceit, and conversion under California Civil Code §§ 1709, 1710, and common law.

93. As a direct result of Defendants' fraudulent conduct and conversion, Plaintiff has suffered significant damages. Plaintiff is entitled to compensatory and punitive damages.

## TWELFTH CLAIM FOR RELIEF (Undue Influence, Duress, and Lack of Capacity - State Law) (Against Defendants Nick Brooks and Steve Brooks)

94. Plaintiff realleges and incorporates by reference all preceding paragraphs.

95. The Forged Option and 2024 sham notes are void and unenforceable because at the time of their alleged execution, Plaintiff lacked the legal and mental capacity to contract.

96. Specifically, the Forged Option was executed while Plaintiff was under continuous state custody, medically incapacitated, and suffering from a severe psychotic episode intentionally exacerbated by Defendant Nick Brooks.

97. Any purported assent was the product of Nick Brooks's undue influence and duress as Plaintiff's fiduciary and abuser, rendering the documents voidable.

15

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

A. Entering judgment in favor of Plaintiff on all claims for relief; B. Disallowing and expunging in their entirety the proofs of claim filed by Defendants Nick Brooks and Steve Brooks; C. Avoiding the fraudulent transfers and obligations embodied in the July 25, 2025 Option to Buy Agreement and the 2024 notes pursuant to 11 U.S.C. § 548; D. Ordering the turnover of all property of the estate held by Defendants pursuant to 11 U.S.C. § 542; E. Avoiding the lien held by Steve Brooks that impairs Plaintiff's exemptions pursuant to 11 U.S.C. § 522; F. Entering a declaratory judgment that the July 25, 2025 Option to Buy Agreement and the 2024 notes are void ab initio, unenforceable, and of no legal effect, and ordering their cancellation from the Official Records of Ventura County; G. Issuing a protective order so that no sale of the Property may proceed based on void title or fraudulent liens pending final judgment in this adversary proceeding; H. Imposing a constructive trust over any interest Defendants claim in the Property; I. Awarding compensatory and punitive damages against Defendants Nick Brooks and Steve Brooks for breach of fiduciary duty, financial abuse, fraud, deceit, and conversion in an amount to be proven at trial; J. Awarding Plaintiff her costs of suit and attorney's fees where permissible by statute; and K. Granting such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as to all claims arising under state law, including but not limited to the Eighth, Ninth, Tenth, Eleventh, and Twelfth Claims for Relief, pursuant to Federal Rule of Civil Procedure 38(b), made applicable by Bankruptcy Rule 9015.

DATED: June 11, 2026

Respectfully submitted,

*Natalie Brooks*

16